817 A.2d 962

ROSS KOTKIN AND AUDREY KOTKIN, PLAINTIFFS–RESPON-
DENTS, v. BERNARD ARONSON AND ESTELLE ARON-
SON, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued April 29, 2002—Decided May 9, 2002.

Before Judges BRAITHWAITE and WEISSBARD.

*Kevin D. Sheehan* argued the cause for appellants (*Parker, McCay & Criscuolo*, attorneys; *Jay M. Herskowitz*, on the brief).

*Richard I. Rosenberg* argued the cause for respondents (*Rosenberg & Goldstein*, attorneys; *Mr. Rosenberg*, on the brief).

PER CURIAM.

Defendants Bernard Aronson and Estelle Aronson ("the Aronsons" or "the sellers") appeal from a summary judgment in favor of plaintiffs Ross Kotkin and Audrey Kotkin ("the Kotkins" or "the buyers"). We affirm.

In August 2000 the Aronsons entered into a contract to sell their home in Cherry Hill to the Kotkins, who deposited $10,000 upon the signing of the contract. The contract provided the buyers with the right to have a home inspection covering a variety of areas including

heating, air conditioning, plumbing, and electrical systems, foundation and structure, roof and flashing, possible environmental conditions affecting the property such as the presence of radon gas, formaldehyde gas, air-borne asbestos fibers, toxic chemicals, or other pollutants in the soil, air or water.

The contract went on to provide that if the home inspection revealed "any defect in the area specified above" the buyers would have the right to terminate the contract and have the deposit monies returned unless the sellers agreed, in writing, within five days, "to repair and/or replace same, as may be required, at the Seller's own cost and expense."

Pursuant to the contract, an inspection was performed which revealed the presence of radon. In response to the report, the sellers undertook remedial work which did not eliminate the radon but lowered the level substantially. Due to the continued presence of radon, the buyers undertook to terminate the agreement and sought return of their deposit. When the sellers refused to return the money, the buyers instituted suit. The sellers counter-

claimed for damages resulting from the alleged breach of contract by the buyers.

Notwithstanding some proffered expert evidence that a radon level in excess of the remediated level here was considered acceptable, the motion judge concluded that because the contract did not refer to any specific level of radon but simply to "the presence of radon gas," the buyers were within their rights to terminate the contract. As the judge noted, the parties were free to negotiate a specific level of radon as being acceptable, but did not. Indeed, the contract could have, but did not, even reference a "safe" level of radon, which might have presented a triable issue of fact. As a result, the Kotkins' motion for summary judgment was granted and judgment was entered against the Aronsons in the amount of $10,000.[1]

We reject defendants' contention that the contract presented a factual issue, inappropriate for summary judgment, as to the meaning of "defect" as used in the quoted portion of the agreement. Rather, we accept plaintiffs' argument that "defect" did not apply to that portion of the inspection clause dealing with radon and other environmental conditions. We also note that *Wong v. Mercado,* 248 *N.J.Super.* 215, 590 *A.*2d 723 (Law Div.1991), upon which plaintiffs rely, is clearly distinguishable as the contract at issue there did not even mention radon. *Id.* at 220, 590 *A.*2d 723.

We agree substantially with the reasoning of Judge Higbee and affirm for the reasons stated in her oral opinion of April 12, 2001.

Affirmed.

---

[1] Although not mentioned in the order, the summary judgment had the effect of dismissing defendants' counterclaim.