815 A.2d 962

ROSS KOTKIN AND AUDREY KOTKIN, PLAINTIFFS–RESPONDENTS, v. BERNARD ARONSON AND ESTELLE ARONSON, DEFENDANTS–APPELLANTS.

Argued February 3, 2003—Decided February 26, 2003.

*Kevin D. Sheehan,* argued the cause for appellants (*Parker, McCay & Criscuolo,* attorneys).

*Richard I. Rosenberg,* argued the cause for respondents (*Rosenberg & Goldstein,* attorneys).

PER CURIAM.

We affirm the judgment below, substantially for the reasons expressed in the opinion of the Appellate Division, reported at 358 *N.J.Super.* 284, 815 *A.*2d 962 (2002). We add only these brief comments to amplify that opinion.

Plaintiffs and defendants are, respectively, intended buyers and sellers of a parcel of real estate, which includes a residential dwelling. The parties signed a form contract prepared by sellers' real estate agent. The contract accords buyers the right to inspect the dwelling in respect of "heating, air conditioning,

plumbing and electrical systems, foundation and structure, roof and flashing, possible environmental conditions affecting the property such as *presence of radon gas,* formaldehyde gas, air-borne asbestos fibers, toxic chemicals or other pollutants in the soil, air or water." (Emphasis added).

The same provision of the contract also sets forth the parties' rights and obligations in the event that "such inspection(s) reveals any defect in the area specified above[.]" When such defect is discovered, the contract authorizes buyers to terminate the agreement and obligates sellers to refund the deposit monies, unless sellers further agree "to repair and/or replace same, as may be required, at the Seller's own cost and expense."

Buyers informed sellers that an inspection of the dwelling had disclosed the presence of radon. Although sellers failed to eliminate the radon entirely, they reduced it to a level that they considered environmentally safe. Nonetheless, buyers sought before the trial court to terminate the contract and to require sellers to return the deposit. The trial court granted summary judgment in favor of buyers. The Appellate Division affirmed, explaining that "the parties were free to negotiate a specific level of radon as being acceptable, but did not. Indeed, the contract could have, but did not, even reference a 'safe' level of radon, which might have presented a triable issue of fact."

■ We reason similarly. A straightforward reading of the contract persuades us that the presence of radon gas is a basis for termination in these circumstances. Sellers did not qualify the radon clause. Consistent with established case law, we cannot make for sellers a better or more sensible contract than the one they made for themselves. *Kampf v. Franklin Life Ins. Co.,* 33 *N.J.* 36, 43, 161 *A.*2d 717 (1960). Even if we detected some ambiguity in the agreement, we would construe it against its preparer, in this case sellers. See *In re Miller's Estate,* 90 *N.J.* 210, 221, 447 *A.*2d 549 (1982) (observing that "[w]here an ambiguity appears in a written agreement, the writing is to be strictly construed against the draftsman").

Lastly, we are mindful of sellers' contention that almost all homes have some measurable level of radon gas. That might be so, but it cannot defeat the plain language of the unqualified radon clause before us. We were informed at oral argument that some pre-printed agreements now contain language that specifies the level of radon necessary to trigger a buyer's right to terminate. We encourage parties to include such specificity in their contracts to avoid future disputes. As for the contract here, we find it unambiguous insofar as the radon and termination provisions are concerned. Accordingly, the judgment of the Appellate Division is affirmed.

*For affirming*—Chief Justice PORITZ and Justices COLEMAN, LONG, VERNIERO, LaVECCHIA, ZAZZALI and ALBIN—7.

*Opposed*—None.