■ ETHER ROBERTSON, Respondent, v ASWALD WELLS, Appellant. [944 NYS2d 194]—

In an action to recover damages for breach of contract, fraud, unjust enrichment, and, in effect, negligence, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered July 20, 2011, as denied those branches of his motion which were pursuant to CPLR 3211 (a) (1) and (8) to dismiss the complaint, pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint as, in effect, alleged negligence, and pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for fraud and unjust enrichment.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint as, in effect, alleged negligence, and pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for fraud and unjust enrichment, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

In December 2010 the plaintiff commenced this action alleging, inter alia, that the defendant failed to properly perform work pursuant to a home improvement contract between the parties. The Supreme Court, inter alia, denied those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1) and (8) to dismiss the complaint, pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint as, in effect, alleged negligence, and pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for fraud and unjust enrichment. The defendant appeals, and we modify.

"A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) will be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (*Bodden v Kean*, 86 AD3d 524, 526 [2011]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, the documentary evidence submitted by the defendant, namely, the construction agreement, did not utterly refute the plaintiff's factual allegations and conclusively establish a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Marom v Anselmo*, 90 AD3d 622, 624 [2011]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

However, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for fraud. "In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Sinensky v Rokowsky*, 22 AD3d 563, 564 [2005], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce

reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). The circumstances constituting the fraud must be stated in detail (*see* CPLR 3016 [b]). Here, the plaintiff failed to allege the essential elements of a cause of action to recover damages for fraud, including misrepresentation of a material fact, made with knowledge of the falsity (*see Sargiss v Magarelli*, 50 AD3d 1117, 1118 [2008], *mod* 12 NY3d 527 [2009]; *Scavo v Allstate Ins. Co.*, 238 AD2d 571 [1997]).

Similarly, the Supreme Court also should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for unjust enrichment. "To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 481 [2009] [internal quotation marks omitted]). Here, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d at 87-88), the complaint fails to state a cause of action to recover damages for unjust enrichment.

Finally, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint as, in effect, alleged negligence. The negligence claim is governed by the three-year limitations period applicable to injury to property (*see* CPLR 214 [4]). Since the acts complained of allegedly took place, at the latest, in May 2007, and the instant action was not commenced until December 2010, so much of the complaint as, in effect, alleged negligence was time-barred.

There is no merit to the defendant's remaining contention, which was addressed to that branch of his motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (8). Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.