In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Dutchess County (Rosa, J.), dated January 25, 2013, as, in effect, denied those branches of their motion which were to dismiss the first and third causes of action pursuant to CPLR 3211 (a) (1) and (7), and (2) so much of an order of the same court dated April 17, 2013, as, in effect, upon reargument, adhered to the determination in the order dated January 25, 2013.
Ordered that the appeal from the order dated January 25, 2013, is dismissed, as that order was superseded by the order dated April 17, 2013, made upon reargument; and it is further,
*924 Ordered that the order dated April 17, 2013, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendants to recover damages for, inter alia, breach of contract, unjust enrichment, and fraudulent inducement. The complaint alleges that the plaintiff performed certain construction and managerial work on behalf of the defendants and that the plaintiff agreed to forgo its customary fees and compensation for the work in exchange for an equitable interest in the defendants’ maple syrup venture. The complaint further alleges that the defendant Robb Turner unilaterally terminated the parties’ relationship without paying the plaintiff for its work.
The defendants, among other things, moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action, which alleged breach of contract, and the third cause of action, which alleged fraudulent inducement. In an order dated January 25, 2013, the Supreme Court denied those branches of the defendants’ motion. Thereafter, the defendants moved for leave to reargue. In an order dated April 17, 2013, the Supreme Court, in effect, upon reargument, adhered to its original determination.
In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Robertson v Wells, 95 AD3d 862 [2012]; Sinensky v Rokowsky, 22 AD3d 563, 564 [2005]). A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) will be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint, conclusively establishing a defense to the claims as a matter of law (see Robertson v Wells, 95 AD3d at 863).
The essential elements for pleading a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiffs performance pursuant to the contract, the defendant’s breach of his or her contractual obligations, and damages resulting from the breach (see Dee v Rakower, 112 AD3d 204, 208-209 [2013]; Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127 [2011]). According the plaintiff the benefit of every possible favorable inference, the complaint alleged that the defendants breached the parties’ agreement and that, as a result, the plaintiff was entitled to re *925 cover its normal fees and compensation for the subject work. Further, the evidence submitted by the defendants either was not “documentary” within the meaning of CPLR 3211 (a) (1) or failed to conclusively establish a defense to the first cause of action as a matter of law (see Siracusa v Sager, 105 AD3d 937, 938 [2013]). The defendants’ remaining contentions with respect to the first cause of action are without merit. Accordingly, the Supreme Court properly, in effect, upon reargument, adhered to its prior determination denying that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action.
“The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages” (Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898 [2010]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Where the gravamen of the alleged fraud does not arise from the mere failure of a promisor to perform his or her obligations under a contract, but arises from a promisor’s successful attempts to induce a promisee to enter into a contractual relationship despite the fact that the promisor harbored an undisclosed intention not to perform under the contract, a proper cause of action sounding in fraud may be stated. “[A] false statement, promissory in nature, ‘may be deemed the statement of a material existing fact, because it falsely represents the [declarant’s] state of mind and the state of his [or her] mind is a fact’ ” (Tribune Print. Co. v 263 Ninth Ave. Realty, 57 NY2d 1038, 1041 [1982], quoting Deyo v Hudson, 225 NY 602, 612 [1919]). “There is no doubt that a misrepresented intention to perform a contract may constitute actionable fraud” (Rudman v Cowles Communications, 30 NY2d 1, 9 [1972]), and “a statement of present intention is deemed a statement of a material existing fact, sufficient to support a fraud action” (Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403, 407 [1958]; see Sabo v Delman, 3 NY2d 155, 160 [1957] [“if a promise was actually made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of a ‘material existing fact’ ”]; Braddock v Braddock, 60 AD3d 84, 89 [2009]; cf. Affiliated Credit Adjustors v Carlucci & Legum, 139 AD2d 611, 613 [1988]).
Here, viewing the complaint in the light most favorable to the plaintiff, the third cause of action alleged that the defendants made a promise to give the plaintiff an equity stake in the maple syrup venture if the plaintiff agreed to forego its normal fees *926 and compensation for the subject work, that the defendants made that promise while harboring an undisclosed intention never to give the plaintiff such an equity stake, and that the plaintiff detrimentally relied on the defendants’ representation of intent by performing the subject work for them. These allegations were sufficient to state a cause of action sounding in fraud. Further, the defendants failed to demonstrate their entitlement to the dismissal of the third cause of action pursuant to CPLR 3211 (a) (1). The defendants’ remaining contentions with respect to the third cause of action are without merit. Accordingly, the Supreme Court properly, in effect, upon reargument, adhered to its prior determination denying that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third cause of action.
Dillon, J.P., Leventhal, Hall and Cohen, JJ., concur.