CLD-374                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3369
_____

IN RE:  THERESA M. ELLIS; SCOTT A. ZUKOWSKI,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-05-cv-00726)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 25, 2014

Before: FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 6, 2014 )
_____

OPINION
_____

PER CURIAM

Theresa M. Ellis and her husband, Scott A. Zukowski, have filed a petition for a

writ of mandamus.  We will deny the petition.

Ellis is a former employee of Ethicon Inc. ("Ethicon") whose employment Ethicon

effectively terminated in 2001.  Ellis filed suit against Ethicon under the Americans with

Disabilities Act and, following a jury trial, obtained a judgment in her favor.  The District

Court both awarded Ellis an amount of back pay and ordered Ethicon to reinstate her.

Ethicon appealed. While its appeal was pending, Ethicon made two offers of reemployment to Ellis. Ellis claimed that Ethicon's offers were deficient and rejected them. She later filed a motion seeking to convert the judgment of reinstatement into an award of front pay on the basis of Ethicon's allegedly deficient offers. The District Court denied that motion. Ellis appealed and, after consolidating both parties' appeals, we affirmed both the judgment against Ethicon and the denial of Ellis's motion. See Ellis v. Ethicon, Inc., 529 F. App'x 310, 312 (3d Cir. 2013).

Thereafter, Ethicon filed a motion with the District Court seeking an order discharging the judgment of reinstatement on the basis of its two offers of reemployment. The parties ultimately entered into a settlement agreement and, when Ellis later contested the settlement, Ethicon filed a motion to enforce it. The District Court granted both of Ethicon's motions and discharged the final judgment on June 2, 2014. Both Ellis and Ethicon have appealed from that order (C.A. Nos. 14-2937 & 14-3000), and their appeals remain to be briefed.

In addition to filing her appeal, Ellis and Zukowski[1] have filed the mandamus petition presently before the Court asserting that the District Judge is biased and committed misconduct. According to Ellis, the District Judge "did nothing" to enforce

_____

[1] Zukowski was named as a plaintiff because he asserted a claim for loss of consortium, but that claim was dismissed by stipulation before trial and we question whether Zukowski is a proper petitioner at this stage. We need not resolve that issue, however, because Ellis's own name appears on the petition and she has signed the certificate of service. We refer hereafter solely to Ellis.

our mandates, improperly disclosed the existence of a judicial complaint against him during a May 7, 2014 teleconference with the parties, and has shown an otherwise unspecified "history of bias" against Ellis requiring the District Court's disqualification under 28 U.S.C. § 455(a).[2]  For relief, Ellis requests that we (1) vacate the District Court's orders entered after the May 7 teleconference and (2) order reassignment of this case to a difference District Judge on remand.

We decline to order either form of relief.  Mandamus is an extraordinary remedy that we have the discretion to grant only when, among other things, "there is no other adequate means to obtain the desired relief."  In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (quotation marks omitted).  Ellis has not shown that she has no other adequate means of obtaining the relief she requests.

First, Ellis's argument that we should vacate the District Court's post-May 7 rulings potentially states grounds for relief on appeal, and "mandamus must not be used as a mere substitute for appeal."  Id. (quotation marks and alteration omitted); see also Knoll v. City of Allentown, 707 F.3d 406, 411 (3d Cir. 2013) (addressing claim of judicial bias raised in brief on appeal).  Ellis has not argued that she cannot obtain effective relief if warranted on appeal, and we discern no reason why she cannot.

Second, Ellis's request that we order reassignment to a different District Judge by

---

[2] This statute applies when a judge's "impartiality might reasonably be questioned." Claims of actual bias of the kind that Ellis appears to assert, by contrast, are governed by 28 U.S.C. § 144. This distinction is not relevant to our disposition.

way of mandamus is premature because she has not filed a motion seeking the District Judge's disqualification in the District Court. "Mandamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a)." In re Kensington Int'l Ltd., 353 F.3d at 219 (emphasis added) (quotation marks omitted). When the District Judge has yet to refuse a request for recusal, however, it cannot be said that a petitioner has no recourse but to seek the extraordinary remedy of mandamus from this Court. See id. at 223-24.[3] In addition, an order of reassignment to a different District Judge is a form of relief that we can award, if warranted, pursuant to 28 U.S.C. § 2106 as part of our disposition of an appeal on the merits. See United States v. Kennedy, 682 F.3d 244, 258 (3d Cir. 2012).

For these reasons, we will deny the mandamus petition. Our denial is without prejudice to Ellis's ability to raise her present arguments in her brief on appeal in C.A. No. 14-2937. We emphasize that we express no opinion on the merits of those arguments.

---

[3] This discussion should not be read to suggest that Ellis file a motion for disqualification with the District Court now. The parties have appealed the District Court's order discharging the judgment, which directed Ethicon to pay the settlement amount into court pending the disposition of any appeal, and it thus appears that the District Court intends to take no substantive action pending our disposition of the parties' appeals.