**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2937
_____

THERESA M. ELLIS;
SCOTT A. ZUKOWSKI

v.

ETHICON INC; JOHNSON & JOHNSON;
JOHN DOES, jointly, severally, and/or in the alternative

Theresa M. Ellis,
Appellant

_____

No. 14-3000
_____

THERESA M. ELLIS;
SCOTT A. ZUKOWSKI

v.

ETHICON INC; JOHNSON & JOHNSON

Ethicon Inc.,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 3-05-cv-00726)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit LAR 34.1(a)
April 24, 2015

_____

Before: CHAGARES, JORDAN and BARRY, <u>Circuit Judges</u>

(Opinion Filed: June 11, 2015 )
_____

OPINION[*]
_____

BARRY, <u>Circuit Judge</u>

In this long-running employment discrimination suit, Theresa Ellis appeals, *pro se*, the District Court's order enforcing the parties' signed settlement agreement and, in the alternative, granting Ethicon, Inc. ("Ethicon") relief from the Court's prior judgment, which had ordered Ellis's reinstatement at Ethicon. Ethicon cross-appeals and argues that the Court erred by enforcing only the handwritten agreement signed by the parties at mediation rather than the unsigned agreement prepared by Ethicon four days later. We will affirm.

**I**

Ellis suffered a minor traumatic brain injury in an automobile accident and brought suit in 2005, alleging that Ethicon, her then-employer, refused to accommodate her cognitive disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* Following a jury verdict for Ellis and post-trial motions, the District Court entered a final amended judgment on March 1, 2010. That judgment provided that

_____

[*]   This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ellis "be reinstated to Ethicon as a quality engineer, or comparable position," paid approximately $54,000 in back pay, and receive attorneys' fees. (App. at 133-36.) We affirmed. *Ellis v. Ethicon, Inc.* (*Ellis I*), 529 F. App'x 310 (3d Cir. 2013).

Thereafter, Ethicon moved for relief from the judgment under Federal Rule of Civil Procedure 60(b)(5). Ethicon contended that it had met its reinstatement obligation by twice offering Ellis comparable positions, which she twice refused, and that prospective application of the judgment was no longer equitable. Prior to the scheduled hearing on the Rule 60(b) motion, the parties agreed to mediation.

Mediation occurred on March 7, 2014, before retired Magistrate Judge Diane M. Welsh. The mediation concluded with what certainly appeared to be a settlement when Ellis and Ethicon's counsel signed a handwritten statement that Ellis was accepting specific payment as "full and final settlement of this matter." (App. at 337.) Four days later, Ethicon sent Ellis what it claimed was a formalized settlement agreement, which Ellis never signed. Ethicon then moved for enforcement of the settlement.

The District Court held a hearing on Ethicon's Rule 60(b) and settlement enforcement motions and, on June 2, 2014, granted both motions, thereby discharging Ethicon's obligations under the final judgment. However, because the Court found that Ellis was mentally competent at the mediation and had entered an enforceable settlement as memorialized by the signed agreement, it declined to enforce the terms of the subsequent, unsigned agreement drafted by Ethicon.

3

**II**

As an initial matter, Ellis challenges the District Court's jurisdiction to discharge the reinstatement and back-pay obligations it had previously ordered against Ethicon. The Court, however, had ancillary jurisdiction over Ethicon's Rule 60(b) and settlement enforcement motions flowing from its jurisdiction over Ellis's original suit under 28 U.S.C. § 1331. *See Bryan v. Erie Cnty. Office of Children & Youth*, 752 F.3d 316, 321-22 (3d Cir. 2014). Moreover, our *Ellis I* opinion did not affect the District Court's jurisdiction, as Ellis contends, because Ethicon's compliance with its reinstatement obligation and the parties' mediated settlement arose subsequent to the appealed judgment and were not addressed by us in *Ellis I*.[1] *See Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337-38 (3d Cir. 1982).

These issues are before us now, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order enforcing the settlement under a bifurcated standard: factual findings are reviewed for clear error, and legal conclusions are reviewed *de novo*. *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 269 (3d Cir. 2002).

**III**

On appeal, the parties dispute which, if either, of the two purported settlement agreements is an enforceable contract. Somewhat curiously, Ellis appeals the District

---

[1] These issues were also not addressed in this Court's second opinion in this case, in which we declined, on petition for a writ of mandamus, to vacate the District Court's order appealed here because "mandamus must not be used as a mere substitute for appeal." *In re Ellis* (*Ellis II*), 578 F. App'x 71, 72 (3d Cir. 2014) (internal quotation marks omitted).

Court's enforcement of the handwritten agreement signed by her following mediation, and Ethicon contends the Court erred by not enforcing the agreement Ethicon drafted four days later but which Ellis refused to sign. We find no error.

We have carefully considered each of Ellis's arguments against the signed agreement, particularly in light of this Court's "policy of liberally construing *pro se* submissions," *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), and find that none merits vacating the District Court's enforcement of the signed agreement. Ellis's primary argument seems to be that she had "exceed[ed her] cognitive limits" at the mediation and thus lacked the mental competence to enter that agreement. (App. at 19.) A settlement agreement, like any other contract, may be set aside when one of the parties is not sufficiently competent to "comprehend the business in which [s]he is engaging." *Jennings v. Reed*, 885 A.2d 482, 488 (N.J. Super. Ct. App. Div. 2005) (quoting *Eaton v. Eaton*, 37 N.J.L. 108, 113 (1874)). Even were Ellis's argument properly before us,[2] evidence of her competence predominated, as the Court found, and included statements of her own counsel and the declaration of Judge Welsh averring that Ellis was "fully engaged," "asked appropriate questions," and "actively negotiated the settlement." (App. at 368-69.) And, we note, nothing that Ellis now proffers would have shifted the weight of the evidence in her favor.

Ethicon, in support of its argument that the District Court erred by not enforcing the unsigned agreement Ethicon subsequently prepared, cites a number of New Jersey

---

[2] Ethicon rightly contends that Ellis did not raise this argument in her opening brief and that it is waived. *United States v. Hoffecker*, 530 F.3d 137, 162 (3d Cir. 2008).

5

cases for the proposition that an agreement to settle is binding "even in the absence of a writing." *E.g.*, *Pascarella v. Bruck*, 462 A.2d 186, 189 (N.J. Super. Ct. App. Div. 1983). But that is not what happened here: the parties not only agreed to settle their dispute but signed a written agreement exchanging payment for "full and final settlement in this matter." Ethicon, relying on a declaration of its attorney, contends that the parties intended by this language to include the specific, additional terms it later included in the agreement it prepared. Ethicon further contends that this declaration is uncontroverted, but at the hearing on the motion, Ellis disputed these additional terms, stating that Ethicon's agreement "overreached." (App. at 40.)

In any event, in evaluating the parties' intent, a court looks to the express language of the contract and will not replace a "straightforward reading of the contract" with one "better or more sensible" for one party. *Kotkin v. Aronson*, 815 A.2d 962, 963 (N.J. 2003) (citing *Kampf v. Franklin Life Ins. Co.*, 161 A.2d 717, 720 (N.J. 1960)); *see also Onderdonk v. Presbyterian Homes of N.J.*, 425 A.2d 1057, 1063-64 (N.J. 1981). Sophisticated parties, such as Ethicon, are in the best position to determine how to negotiate a resolution to their least disadvantage. *Brundage v. Estate of Carambio*, 951 A.2d 947, 961 (N.J. 2008). The parties' signed agreement here is as clear as it is short. Ethicon agreed to make payment to Ellis in consideration for a discharge of the parties' respective rights and obligations in this decade-long litigation. Moreover, as the District Court concluded, "there's nothing on that [signed] agreement that indicates that there would be another writing," (App. at 39), and, we add, virtually nothing in the record to

6

support an argument that more was to come; indeed, both Ellis's counsel and the Court understood, rightly or wrongly, Ethicon's motion to be only about enforcing the parties' signed settlement agreement. In short, we do not find error in the Court's enforcement of that agreement.[3]

## IV

We will affirm the order of the District Court enforcing the signed settlement agreement.

---

[3] Because we affirm the District Court's order enforcing the signed agreement, which effected the very relief sought by Ethicon's Rule 60(b) motion – a discharge of its reinstatement obligation – we need not, and do not, review the Court's ruling on that motion.