**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3433
_____

PRE-SETTLEMENT FINANCE, LLC

v.

THERESA M. ELLIS; SCOTT A. ZUKOWSKI

Theresa M. Ellis, Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-06339)
District Judge:  Honorable Kevin McNulty

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2021

Before: JORDAN, MATEY and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 25, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Theresa Ellis appeals from the District Court's orders granting summary judgment in favor of Pre-Settlement Finance, LLC ("PSF"), on a breach of contract claim and denying her motion for reconsideration. For the following reasons, we will affirm.

In 2010, a jury returned a verdict in favor of Ellis, finding her disabled and qualified for relief under the Americans with Disabilities Act (ADA), and against her former employer, Ethicon, Inc., for violating the ADA by failing to provide Ellis reasonable accommodations. See D.N.J. Civ. No. 03-05-cv-00726. After post-trial motions, the District Court for the District of New Jersey ("NJDC") entered a final amended judgment awarding Ellis back pay and attorneys' fees, and ordering Ethicon to reinstate her. We affirmed the judgment on appeal. See Ellis v. Ethicon, Inc., 529 F. App'x 310 (3d Cir. 2013). In September 2010, while that appeal was pending, Ellis entered into an agreement ("the agreement") with PSF, a New York-based consumer litigation funding company. Pursuant to the agreement, PSF advanced Ellis $29,000 in exchange for a portion of the potential proceeds from the wrongful termination suit. Repayment was contingent on Ellis succeeding in her suit, either by obtaining a settlement, judgment, or verdict. Ellis's attorney at the time, Jill Fisher, was not a signatory to the agreement, but she signed an Attorney Acknowledgement agreeing that she, or her successor, would distribute any proceeds from the suit to PSF after attorneys' fees and priority liens were paid.[1]

---

[1] Pursuant to the Acknowledgement, Fisher notified PSF in December 2010 that she and her firm were withdrawing as counsel for Ellis. Thereafter, amicus counsel was

After this Court affirmed the final amended judgment, Ethicon moved for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(5). Thereafter, the parties signed a one-page, hand-written agreement, settling the wrongful termination suit. Ellis subsequently contested the settlement agreement, and, in an order entered June 2, 2014, the NJDC granted Ethicon's motion to enforce it, discharging the judgment in its entirety. The parties cross-appealed. By order entered July 10, 2014, Ethicon was directed to deposit the settlement funds with the Clerk of Court pending the appeal. This Court affirmed the June 2, 2014 order, and our mandate issued on July 6, 2015. See Ellis v. Ethicon, 614 F. App'x 613 (3d Cir. 2015). Thereafter, the NJDC ordered the settlement funds disbursed – $14,894.14 in attorneys' fees and costs to Barasch and the remainder to Ellis. PSF did not receive any of the settlement funds.

In April 2018, PSF filed this suit asserting claims against Ellis for breach of contract, breach of the covenant of good faith and fair dealing, conversion, and unjust enrichment, and several of those claims plus a claim of tortious interference with contract against Zukowski.[2] Ellis and Zukowski moved to dismiss the complaint. The motion was denied and, after discovery, the parties cross-moved for summary judgment. The District Court

appointed to represent Ellis on appeal. In January 2014, Patricia Barasch, Esq., entered an appearance in the NJDC on behalf of Ellis. Throughout the litigation, however, Ellis's husband, Scott Zukowski, provided periodic updates to PSF.

[2] PSF initially filed suit against Ellis and Zukowski in the New York Supreme Court, Richmond County. The matter was dismissed in June 2017 based on forum non conveniens grounds.

3

granted summary judgment to PSF on the breach of contract claim against Ellis and denied all other claims for relief. After the District Court denied her timely motion for reconsideration, Ellis filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Because Ellis's timely appeal from the denial of her timely motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's summary judgment order as well as its order denying the motion for reconsideration. See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). We exercise plenary review over an order granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Kaucher v. Cty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We review the district court's denial of a motion for reconsideration for abuse of discretion. Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

We find no error in the District Court's determination that Ellis was liable for breach of contract. As a federal court sitting in diversity, the District Court was "required to apply the substantive law of the state whose laws govern the action," which the parties do not dispute is the substantive law of New York. Robertson v. Allied Signal, Inc., 914 F.2d 360, 378 (3d Cir. 1990). The elements of a breach of contract claim under New York law are "[1] the existence of a contract, [2] the plaintiff's performance pursuant to the contract,

4

[3] the defendant's breach of his or her contractual obligations, and [4] damages resulting from the breach." Neckles Builders, Inc. v. Turner, 986 N.Y.S.2d 494, 496 (N.Y. App. Div. 2014). These elements were met as it is also undisputed that Ellis did not meet her obligation under the contract to repay the funds that PFS provided her.

Ellis argues that it is not she, but Patricia Barasch, who is liable for the breach of contract. Ellis maintains that she "transferred the PSF lien" and the contract payment responsibilities to Barasch in December 2013, and that Barasch communicated with PSF at that time,[3] thereby relieving Ellis of her obligations under the contract. Pro se Br. at 5; Reply Br. at 6-7. She further argues that it was then incumbent upon PSF "to obtain their funds and finalize the 'Attorney Acknowledgement' section of the contract." Reply Br. at 6-7. Ellis's arguments are meritless. Barasch was not a party to the underlying contract, and the onus was not on PSF to pursue the proceeds of the litigation. Rather, pursuant to the Attorney Acknowledgement form, Ellis's attorney and her successors agreed to pay PSF "immediately after attorney fees and any liens" and "prior to any final distribution" to Ellis, but "assume[d] no duties or obligations to Pre-Settlement Finance other than ministerial duties of disbursement . . . ." D.N.J. Civ. No. 2-18-cv-06339, ECF No. 46-5 at 15-16. Moreover, in December 2013, the NJDC directed Ethicon to disburse only the

---

[3] Ellis makes much of a statement in PSF's summary judgment brief that Barasch notified it in December 2013 that she was retained to represent Ellis. See District Ct. ECF No. 46-3 at 11. There is no evidence in the record to support Ellis's allegations that PSF and Barasch had further communications in December 2013, much less that they discussed a strategy at that time to delay the disbursement of funds.

attorneys' fees and costs awarded in the March 2010 Order and Amended Judgment.[4] See D.N.J. Civ. No. 3-05-cv-00726, ECF No. 211. Thus, contrary to Ellis's contention, PSF could not have been paid at that time. It was not until July 2014, after Ellis and Ethicon had entered into the settlement agreement, that the NJDC directed Ethicon to deposit the remaining judgment funds with the Clerk of Court pursuant to Fed. R. Civ. P. 67. See id. at ECF No. 249. However, those funds were not disbursed by order of the NJDC until September 2015, after this Court's mandate had issued in the final appeal. By then, Barasch had withdrawn as counsel pursuant to Ellis's request. See id. at ECF Nos. 260-61, 266-67. Accordingly, the remainder of the funds, after attorneys' fees and costs, were distributed directly to Ellis. See id. at ECF No. 265. Under the terms of the contract, Ellis "agree[d] that PSF's Irrevocable Lien shall be paid in full before [Ellis] received money from the Litigation." D.N.J. Civ. No. 2-18-cv-06339, ECF No. 46-5 at 5, ¶ 4(a). Therefore, by failing to first pay PSF when she received the settlement funds, Ellis breached the contract. Accordingly, the District Court properly granted PSF's, and properly denied Ellis's, motion for summary judgment on that claim.

The District Court also properly denied Ellis's motion for reconsideration of its ruling. For substantially the reasons provided by the District Court, Ellis's arguments for reconsideration are meritless. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (noting that arguments previously rejected provide no basis for relief under Rule 59(e)).

---

[4] This disbursement was made to Fisher's law firm, whose representation of Ellis ended after the jury trial.

Based on the foregoing, we will affirm the District Court's judgment.  Ellis's request for oral argument is denied.